**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **DISTRICT OF COLUMBIA**<br>**FOR THE BENEFIT/USE OF**<br><br>**OMNI EXCAVATORS, INC.,**<br>6906 COURAGEOUS CIRCLE<br>BURKE, VA 22015<br><br>AND<br><br>**AEGIS SECURITY INSURANCE COMPANY**<br>2407 PARK DRIVE<br>HARRISBURG, PA 17110<br><br>    **Plaintiffs,**<br><br>    -v.-<br><br>**SAFECO INSURANCE COMPANY OF AMERICA**<br>1001 FOURTH AVENUE<br>SAFECO PLAZA<br>SEATTLE WA 98154<br><br>**SERVE**:<br>Department of Insurance, Securities and Banking<br>Government of the District of Columbia<br>810 First Street, NE    - Suite 701<br>Washington DC  20002<br><br>    **Defendant,** | **CASE NUMBER: 14-510** |

## COMPLAINT
### THE PARTIES

1. Plaintiff, Omni Excavators, Inc. (hereafter "Omni"), is a for profit business entity, which is incorporated in the Commonwealth of Virginia.

2. Plaintiff, Aegis Security Insurance Company (hereafter "Aegis"), is an insurance company incorporated in and under the laws of the Commonwealth of Pennsylvania.

3. Defendant, Safeco Insurance Company of America (hereafter "Safeco"), is an insurance company incorporated in the State of Washington.

## JURISDICTION AND VENUE

4. Jurisdiction in this matter is founded upon 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the litigants, i.e., the Plaintiffs are citizens of the Commonwealths of Virginia and Pennsylvania, respectively, and the Defendant is a citizen of the State of Washington, and the amount in controversy exceed $75,000.00.

5. Venue is proper in that the matters complained of herein occurred in the District of Columbia in that Omni and Aegis bring this action pursuant to rights which arise under a certain public construction project known as "Fort Stanton Site Work and Joint Seals" (hereafter "the Project") for the District of Columbia Water and Sewer Authority (hereafter "the Project Owner").

6. The subject matter jurisdiction and venue of the District Court are also proper in that the matters complained of herein give rise to an action upon a certain payment bond issued by Safeco upon the Project, which bond shall be hereafter more specifically identified and described, which right of action is governed by the laws of the District of Columbia, to wit:  Title 2., Government Administration, Chapter 2., Contracts, Subchapter I., Bonding Requirements,

of the District of Columbia Official Code, Section 2.201.02(a) (hereafter "DC Little Miller Act").

**GENERAL ALLEGATIONS**

7. On January 18, 2010, Omni entered into a Subcontract with Flippo Construction Company, Inc. (hereafter "Flippo") to provide certain labor and/or materials in connection with the Project. A copy of said Subcontract is attached hereto as <u>Exhibit 1</u> and is incorporated herein as if fully set forth.

8. Prior to or concurrent with the Subcontract transaction with Omni, Flippo had entered into a general or prime contract with the Project Owner.

9. Pursuant to the laws of the District of Columbia and as part of the contracting between Flippo and the Project Owner, Flippo purchased and furnished to the Project Owner performance and payment bonds issued by Safeco for the Project (hereafter "Safeco Bonds"), in which Flippo was the named Principal. Copies of said Bonds are attached hereto as <u>Exhibit 2</u> and is incorporated herein as if fully set forth.

10. Pursuant to the Subcontract and other applicable Contract Documents incorporated therein by reference, Omni was required and did in fact furnish certain specified labor and/or material upon the Project, which specified labor and/or material consisted of seven categories or "items of work" which were jointly referred to and generally described by both Omni and Flippo as Micropile, Drainage System, Excavation, Backfill, Curb and Gutter, Gravel Roadway, and Asphalt Surface (hereafter "the Subcontract Work").

11. Flippo required that Omni purchase and furnish performance and payment bonds for the Project.

12. Omni purchased and furnished to Flippo performance and payment bonds issued by Aegis for the Project, in which Flippo was the named Obligee (hereafter "Aegis Bonds").

13. In consideration of the issuance of the Aegis Bond, and for other good and valuable consideration, Aegis and Omni entered into certain agreements in which Aegis has received, *inter alia*, certain assignments of the rights and/or entitlements of Omni to certain contracts, proceeds of such contracts, including the claims, and other entitlements of the Subcontract herein.

## COUNT ONE
## ACTION UPON THE SAFECO PAYMENT BOND

14. The averments of paragraphs 1 through 13 are incorporated herein as if fully set forth.

15. At all times, Omni performed and completed the Subcontract Work in a good and workmanlike manner and was, at all relevant times herein, compliant with the Subcontract and other applicable Contract Documents.

16. Omni applied to Flippo for payment of the value of the Subcontract Work which it had performed and completed.

17. Flippo applied to the Project Owner and has received full payment for the Subcontract Work of Omni.

18. Omni has made repeated demands upon Flippo for payment for the value of the Subcontract Work, which value, exclusive of interest, is $202,865.77.

19. Flippo continues to refuse to make payment to Omni for the value of the Subcontract Work, notwithstanding its receipt of full payment from the Project Owner for such Subcontract Work.

20. More than ninety (90) days have elapsed since the Subcontract Work, for which payment is sought herein, was last performed by Omni.

21. As a result of the refusal of Flippo to pay Omni for the Subcontract Work within ninety (90) days of the last date on which such work was performed, Omni may make a claim for payment, and does herein make a claim for payment, upon the payment bond issued by Safeco upon the Project in an amount equal to the full value of the Subcontract Work which remains unpaid by Flippo, as the Principal of said Safeco Bonds.

**WHEREFORE**, Omni Excavators, Inc. and Aegis Security Insurance Company, jointly and severally, pray the Honorable Court to enter judgment in their favor and against Safeco Insurance Company of America in the amount of $202,865.77, plus pre-judgment interest, post judgment interest, costs of suit, and attorney's fees as permitted by law.

Respectfully Submitted,

   */s/ John Hermina*
John Hermina,  Bar No.  421790
Hermina Law Group
8327 Cherry Lane
Laurel, Maryland 20707
law@herminalaw.com
j@herminalaw.com
301-776-2003